UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOHANNON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DAVID MCDONALD, et al.,<br><br>  Defendants. | Case No.  22-cv-04422-RFL<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Re: Stipulated Facts Bench Trial for Landset Engineers, Inc. |

In June 2021, Plaintiffs Thomas and Deena Bohannon purchased a property (the "Property") that was built in 2012.  After Plaintiffs discovered numerous alleged defects, they sued various defendants involved in the design and construction of the Property.  Landset Engineers, Inc. ("Landset") is one of the Defendants that remains in the case.

Jury trial was scheduled to occur on August 11, 2025.  However, Plaintiffs and Landset agreed to hold a stipulated facts bench trial as to the statute of repose issue because there is no dispute of facts as to the date of substantial completion and the issue is dispositive to the case.  For the reasons stated below, the Court finds that Plaintiffs' claim against Landset is barred by California's statute of repose.

**I.      UNDISPUTED FACTS[1]**

Landset did not perform any work on the Property after July 18, 2012.  (Dkt. No. 229 at 2.)[2]  On that date, Landset provided its final report on compaction testing and soil engineering observation services and its notice of final grading completion.  (*Id.*)  The complaint in this

---

[1] To the extent that any findings of fact are included in the Conclusions of Law section, they shall be deemed findings of fact, and to the extent that any conclusions of law are included in the Findings of Fact section, they shall be deemed conclusions of law.
[2] Citations to page numbers refer to the ECF pagination.

1

action was filed on July 29, 2022.  (Dkt. No. 1.)

## II.   CONCLUSIONS OF LAW

The governing statute is California Code of Civil Procedure § 337.15, which states that "[n]o action may be brought to recover damages . . . more than 10 years after the substantial completion of the development or improvement for . . . [a]ny latent deficiency" in the real property.  Cal. Code Civ. Proc. § 337.15(a).  The 10-year period "shall commence upon substantial completion of the improvement," which "relate[s] specifically to the performance or furnishing design, specifications, surveying, planning, supervision, testing, observation of construction or construction services by each profession or trade rendering services to the improvement."  *Id.* § 337.15(g).

The 10-year period for Landset commenced on July 18, 2012, meaning that the last date on which it could have been sued was July 18, 2022.  The complaint was filed after that date.

Plaintiffs state that they would have introduced evidence of willful misconduct, which can be the basis for an exception to the statute of repose, if they had been permitted to do so.  However, for the reasons explained in the Order on Defendants' Motion in Limine No. 2 (Dkt. No. 228), Plaintiffs are precluded from presenting such evidence, as they never alleged willful misconduct in the operative complaint.

Therefore, Plaintiffs' claim against Landset is barred by California's statute of repose.  The Court finds in favor of Landset, and against Plaintiffs, on the sole claim of negligence.

**IT IS SO ORDERED.**

Dated: July 18, 2025

RITA F. LIN
United States District Judge