UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOHANNON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID MCDONALD, et al.,<br><br>    Defendants. | Case No. 22-cv-04422-RFL<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Re: Dkt. Nos. 230, 231 |

In June 2021, Plaintiffs Thomas and Deena Bohannon purchased a property (the "Property") that was built in 2012. After Plaintiffs discovered numerous alleged defects, they sued various defendants involved in the design and construction of the Property. George Michael Macaluso and Macaluso Electric, Inc. (collectively, "Macaluso") are two of the Defendants that remain in the case.

Jury trial was scheduled to occur on August 11, 2025. However, Plaintiffs and Macaluso agreed to hold a bench trial, submitted on the papers, as to the statute of repose issue because the issue could be dispositive to the case. If the Court ruled for Plaintiffs, the jury trial would proceed as to the merits of the negligence claim against Macaluso. For the reasons stated below, the Court finds that Plaintiffs' claim against Macaluso is barred by California's statute of repose.

I.  **FINDINGS OF FACT**[1]

Macaluso performed electrical work at the Property. (Dkt. No. 230-3 ¶ 4.) The estimate describes the "[s]cope of work" as "General Electric – Wiring and installation of residence."

---

[1] To the extent that any findings of fact are included in the Conclusions of Law section, they shall be deemed findings of fact, and to the extent that any conclusions of law are included in the Findings of Fact section, they shall be deemed conclusions of law.

1

(Dkt. No. 232-2 at 2.)[2]  The Monterey County Building Services Final Inspection Record for the Property states that the "electrical" work at the property was "final" and attained "approval" on July 20, 2012, and that the entire residence received final approval on August 15, 2012.  (Dkt. No. 232-3 at 2.)

Macaluso performed some additional work at the Property after July 20, 2012, on a time and materials basis.  On August 21, 2013, Macaluso issued an invoice for $2,151.94 for installing additional step lights on the front lawn, installing wireless keypads in the garage area to replace damaged wired keypads, and repairing and reconnecting cables to wired keypads in the master bedroom that had been damaged in construction.  (Dkt. No. 232-2 at 18.)  On August 22, 2013, Macaluso issued an invoice for $4,759.24 for miscellaneous tasks like replacing or removing various lights; troubleshooting individual lights and circuits; installing a dimmer, LED bathroom lamps, custom-colored plates, a floor cover, pull box cover, and a transformer for the lawn; and reinstalling a chandelier in the kitchen.  (*Id.* at 19.)  And on March 18, 2025, Macaluso issued an invoice for $3,887.40 for connecting power to a steamer, running new wire due to rodent damage, installing a new carbon and smoke detector, replacing an exhaust fan due to lost parts, and installing a new landscape light, a cover for a hole, a switch for the basement control, and new track parts.  (*Id.* at 23.)

The complaint in this action was filed on July 29, 2022.  (Dkt. No. 1.)

## II.    CONCLUSIONS OF LAW

The governing statute is California Code of Civil Procedure § 337.15, which states that "[n]o action may be brought to recover damages . . . more than 10 years after the substantial completion of the development or improvement for . . . [a]ny latent deficiency" in the real property.  Cal. Code Civ. Proc. § 337.15(a).  The 10-year period "shall commence upon substantial completion of the improvement" or "[t]he date of final inspection by the applicable public agency," whichever "first occurs."  *Id.* § 337.15(g).  "The date of substantial completion []

---

[2] Citations to page numbers refer to the ECF pagination.

relate[s] specifically to the performance or furnishing design, specifications, surveying, planning, supervision, testing, observation of construction or construction services by each profession or trade rendering services to the improvement." *Id.*

The date of final inspection for the electrical work by the applicable public agency[3] was July 20, 2012.  Accordingly, that is when the 10-year period under the statute of repose commenced as a matter of law, regardless of what type of additional work was later performed, because the final inspection is the event that "first occur[red]."

Furthermore, even ignoring the final inspection report, the date of substantial completion was more likely than not July 20, 2012.  Though Macaluso performed additional work on the Property after the final inspection date, the invoices show that this work was for repairs, replacements, and various minor additions on a time and materials basis over the next several years, after the main electrical system had been substantially completed.

Thus, under either metric, the last date on which Macaluso could have been sued was July 20, 2022.  The complaint was filed after that date.  Therefore, Plaintiffs' claim against Macaluso is barred by California's statute of repose.

The Court therefore finds in favor of Macaluso, and against Plaintiffs, on the sole negligence claim.

**IT IS SO ORDERED.**

Dated: July 18, 2025

RITA F. LIN
United States District Judge

---

[3] The parties do not dispute that the Monterey County Building Services is the applicable public agency.