UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOHANNON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DAVID MCDONALD, et al.,<br><br>        Defendants. | Case No. 22-cv-04422-RFL<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND FOR A NEW TRIAL**<br><br>Re: Dkt. No. 244 |

      This case arises from alleged defects in a property purchased by Plaintiffs Thomas and Deena Bohannon on or about June 2021. In their operative complaint, Plaintiffs brought a sole claim for negligence against Defendants, who were all allegedly involved in the design and construction of the property. Plaintiffs asserted that Defendants breached their duty of care to Plaintiffs by, *inter alia*, "failing to properly design the Property and deviating from the plans and specifications. (Dkt. No. 131 at 5.)[1] On July 10, 2025, the Court precluded Plaintiffs from offering evidence of willful misconduct at trial and granted Defendants' Motion in Limine No. 2 to bifurcate the trial and separately try the statute of repose issue and the issue of liability and damages. (Dkt. No. 228 at 6.) That ruling was based on Plaintiffs' failure to "allege any facts about willful misconduct" in their operative complaint and their concession that bifurcation was appropriate if their willful misconduct evidence could not be presented at trial. (*Id*.) The Court

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

also denied Plaintiffs' oral motion for leave to file a fifth amended complaint because Plaintiffs "were repeatedly put on notice . . . that they were required to plead willful misconduct as an exception to the statute of repose if they intended to present that evidence at trial" but "did not attempt to amend their complaint until the eve of trial." (*Id*. at 7.)

Plaintiffs and Defendants Landset Engineers, Inc. and Dowdy Construction Inc. agreed to hold a stipulated facts bench trial as to the statute of repose issue, and the Court found that Plaintiffs' claims as to both Landset and Dowdy Construction were barred by the statute of repose. (Dkt. Nos. 234; 236.) Plaintiffs and Defendants George Michael Macaluso and Macaluso Electric, Inc. (the "Macaluso Defendants") likewise agreed to a bench trial, after which the Court also concluded that the statute of repose barred Plaintiffs' claim against the Macaluso Defendants. (Dkt. No. 238.) Judgment was entered in favor of Landset, Dowdy, and the Macaluso Defendants and against Plaintiffs. (Dkt. Nos. 235; 237; 239.)

Plaintiffs now move for relief from judgment and for a new trial. (Dkt. No. 244.) For the reasons that follow, the motion is **DENIED**. This order assumes the parties' familiarity with the underlying facts, the relevant legal standards, and both sides' arguments.

*Motion for Relief from Judgment*. Plaintiffs' motion for relief from judgment is denied. Under Federal Rule of Civil Procedure 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" certain enumerated reasons including, as relevant here, "excusable neglect." Plaintiffs argue that their failure to move for leave to amend prior to their oral motion—which was "counsel's decision" based on "counsel's understanding of the governing substantive law, the law governing amendments to conform to proof, and the Court's previous orders"—constitutes "excusable neglect." (Dkt. No. 244 at 10.) However, as the Ninth Circuit has observed, "[f]or purposes of [Rule 60(b)(1)], parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). Counsel's failure to move for leave to amend at an earlier date, even if the product of

2

an innocent mistake based on counsel's understanding of the relevant law, does not provide a basis for relief under Rule 60(b)(1).

***Motion for a New Trial, or in the Alternative, to Alter or Amend the Judgment Under Rule 59(e)***.  Plaintiffs' motion for a new trial, or to alter or amend the judgment, is also denied. Under Rule 59(a)(1)(B), a new trial may be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court," including manifest errors of law, *Convergent Mobile, Inc. v. JTH Tax, Inc.*, No. 4:19-CV-06484-YGR, 2021 WL 3089121, at *1 (N.D. Cal. July 22, 2021).  Alternatively, under Rule 59(e), a court may alter or amend a judgment to correct "manifest errors of law . . . upon which the judgment is based." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).  Plaintiffs argue that the Court erred by refusing to grant them leave to amend and precluding their evidence of willful misconduct at trial.  However, for the reasons provided in the July 10, 2025 order, Plaintiffs were properly denied leave to amend and their willful misconduct evidence was properly precluded.  (*See* Dkt. No. 228.)

As explained in the July 10 order, Plaintiffs' operative complaint "pleads only the substantial completion date as the basis for escaping the statute of repose" and is devoid of "any facts about willful misconduct to bring themselves within the statute of repose." (*Id*. at 5–6.) Plaintiffs neglected to move for leave for leave to amend "until the eve of trial" despite having numerous earlier opportunities to move for leave to amend, and receiving ample notice that they needed to do so and plead willful misconduct as an exception to the statute of repose if they wanted to present evidence of willful misconduct at trial.  (*Id*. at 7.)  While Plaintiffs represented that the facts giving rise to their willful misconduct allegations were not developed until their initial expert disclosures, they offered no reason as to why they did not seek leave to amend their complaint shortly after those facts became available at or around November 2024.  (*Id*.)  Finally, it is immaterial that expert testimony supporting Plaintiffs' willful misconduct argument would also support the negligence allegation in their operative complaint.  The Court precluded evidence concerning willful misconduct because the operative complaint had no allegations

regarding willful misconduct.  (*See* Dkt. No. 244 at 11.)  Plaintiffs failed to demonstrate good cause under Rule 16 for amending their complaint after the deadline previously set by the Court and were therefore properly precluded from filing a fifth amended complaint and introducing their evidence about willful misconduct for the first time at trial.  (*Id*. at 6 (quoting *S. Ry. Co. v. King*, 217 U.S. 524, 536 (1910) ("It is elementary that the proof must conform to the allegations, and that without proper allegations, testimony cannot be admitted.")).)

*Conclusion*.  For the foregoing reasons, Plaintiffs' motion for relief from final judgment and for a new trial are **DENIED**.

**IT IS SO ORDERED.**

Dated: October 27, 2025

RITA F. LIN
United States District Judge