UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS BOHANNON, et al.,

Plaintiffs,

v.

RON MANN, et al.,

Defendants.

Case No. 22-cv-04422-RFL

**ORDER DENYING DISMISSAL OF DEFENDANT ALLEN MARTIN CONSTRUCTION, INC.**

This case arises from alleged defects in a property that Plaintiffs Thomas and Deena Bohannon purchased in the summer of 2021. On October 4, 2024, the Court granted Defendants Allen Martin Construction, Inc.'s ("AMC") and Martin McDonald Development, Inc.'s ("MMD") Motion to Dismiss the Fourth Amended Complaint. (Dkt. No. 146.) Plaintiffs appealed, and the Ninth Circuit affirmed dismissal of the claims against MMD, reversed dismissal of the claims against AMC, and remanded "for the district court to analyze whether the naming of AMC was permissible under § 474" of the California Code of Civil Procedure. *Bohannon v. Martin McDonald Dev., Inc.*, No. 24-6886, 2026 WL 1952750 (9th Cir. July 1, 2026) (Dkt. No. 278).

Section 474 provides that "a plaintiff who does not know a defendant's name may state that in the complaint and later amend to identify the defendant's 'true name' once known." *Id.* at *1. Because the Ninth Circuit determined that Section 474 does not directly conflict with Section 337.15, the key question on remand is whether "both the claim and [AMC] (albeit under a pseudonym) [were] identified within the repose period." *Id.* As explained in prior orders, the statute of repose expired on August 15, 2022. (*See* Dkt. No. 146 at 2 (all citations to ECF

pagination).) The viability of Plaintiffs' claims against AMC therefore turns on the sufficiency of Plaintiffs' initial allegations against DOE 1, the pseudonym under which AMC was originally sued.

Plaintiffs sufficiently stated their claim against AMC in their initial Complaint. (*See* Dkt. No. 1.) AMC worked on the property as a grading contractor. (Dkt. No. 77 ¶ 4.) One of the alleged defects Plaintiffs challenged was "[i]nadequate drainage in the concrete foundation." (Dkt. No. 1 ¶ 27(e).) This defect appears plausibly related to the work of a grading contractor. Read alongside the general allegations that Doe Defendants were "responsible in some manner for the practices, acts, conduct, and occurrences alleged herein," and that each of the Defendants "worked in some capacity on the areas of the Property that were improperly designed and/or not built to plans," Plaintiffs sufficiently stated a claim against AMC, under its Doe I pseudonym, in their Complaint. (*Id.* ¶¶ 20, 31.) *Cf. Pac. Coast Refrigeration, Inc. v. Badger*, 124 Cal. Rptr. 786, 796 (Ct. App. 1975) (no relation back where "there are no allegations which purport to show how, why or in what manner any fictitious defendant should be charged").

Dismissal of AMC is therefore denied. The parties are ordered to file a joint status report by December 8, 2026, providing a proposed case schedule as to the claims against AMC.

**IT IS SO ORDERED.**

Dated: November 6, 2026



RITA F. LIN
United States District Judge